**Douglas Ray SINOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60033.**

Court of Criminal Appeals of Texas, Panel No. 2.

March 11, 1981.

Richard P. Pennell, Sherman, Lawrence B. Mitchell, Dallas, for appellant.

Bruce F. Baxter, Asst. County Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction of the offense of possession of marihuana; the punishment is imprisonment for six years.

The appellant's first ground of error, which challenges the sufficiency of the evidence to sustain his conviction, is dispositive of the case.

About August 30, 1976, Gerald Weatherman, an agent of the United States Custom Service, received information from an informant that David Dillard was involved in aerial smuggling of marihuana into the United States from Mexico. Pursuant to that information, Agent Weatherman secured a search warrant from a federal district judge in Tyler to place electronic tracking equipment on Dillard's airplane. On September 30, 1976, Agent Weatherman installed the tracking equipment on the airplane.

On October 2, 1976, federal authorities were alerted by the tracking device that Dillard's airplane had taken off from an airstrip located on the appellant's ranch. With this information, Agent Weatherman piloted his airplane into position to track Dillard's airplane. When he was close enough to make visual contact with Dillard's airplane, he observed that a second airplane was accompany it. He then tracked both suspect airplanes to a landing site twenty-five miles inside the Mexican border; he then returned to San Antonio to refuel. Later that evening, the tracking device again alerted federal authorities that Dillard's airplane was in flight. Responding to the information, Agent Weatherman tracked both suspect airplanes back to the appellant's airstrip. At no time was he able to identify the pilots of either airplane.

Meanwhile, Agent Weatherman had contacted D.P.S. Narcotics Officer Ben Neel and related this information to him. Officer Neel in turn contacted Highway Patrol Officers Bob Grubbs and Michael Norris and obtained their assistance in setting up a surveillance of the appellant's airstrip prior to the arrival of the two suspect airplanes.

Officer Neel positioned himself in some bushes adjacent to the appellant's airstrip while Troopers Grubbs and Norris stationed themselves in a churchyard approximately a mile away. The suspect airplanes arrived around 2:00 a. m. and having landed and parked, a van went out to meet them. Within about thirty minutes the van left the area followed by two other vehicles whose headlights were apparently used to light up the airstrip for the landing of the airplanes. At this time, Officer Neel contacted Troopers Grubbs and Norris and told them to pursue the van. The van was subsequently stopped, but the other two vehicles escaped. The van was searched and 1,242 bricks (approximately 2,490 pounds) of marihuana were recovered. The occupants of the van, David Vale, John Williams, and Michael Deibert, were arrested.

Both airplanes were seized by Officer Neel immediately after the van left the area and no suspects were seen at or near either airplane. Subsequent searches of both airplanes led to the recovery of additional marihuana which was in wrappers similar to the wrappers on the marihuana recovered from the van. It was later discovered through a title search that the other airplane used in the smuggling operation had been purchased by the appellant on September 2, 1976.

Dillard was arrested on November 15, 1976, and a roll of film in his possession was seized and developed. One of the photographs in that film depicts that appellant and Williams standing next to the appellant's airplane. Another photograph depicts the appellant standing with Williams and Vale. According to Officer Neel, the recovery of these two photographs prompted the appellant's arrest on November 19, 1976.

To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, custody, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Dubry v. State,* 582 S.W.2d 841

(Tex.Cr.App. 1979); *Wilkes v. State*, 572 S.W.2d 538 (Tex.Cr.App. 1978); *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App. 1977); *Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr.App. 1976).

■ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Dubry v. State*, supra; *Waldon v. State*, 579 S.W.2d 499 (Tex.Cr.App. 1979); *Sewell v. State*, 578 S.W.2d 131 (Tex.Cr.App. 1979); *Wilkes v. State*, supra; *Harrison v. State*, supra. Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Dubry v. State*, supra; *Waldon v. State*, supra; *Harrison v. State*, supra. This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Dubry v. State*, supra; *Waldon v. State*, supra; *Harrison v. State*, supra; *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App. 1976).

The evidence relied on by the State to establish the appellant's affirmative link to the marihuana consists of: (1) the appellant's ownership of the premises on which the airstrip was located; (2) the appellant's ownership of one of the airplanes used in the smuggling operation; (3) the finding of a substantial amount of marihuana in the baggage compartment of the appellant's airplane; (4) the modification of the airplane by removal of the middle and rear seats and the finding of marihuana debris in this area; (5) two photographs taken sometime after September 2, 1976, depicting the appellant with two of the arrestees in the van; and (6) the strong suspicion that the appellant was in one of the two vehicles that escaped that night. Since the appellant was never identified at either scene where the marihuana was found, we must look closer at the independent facts from which we are to infer that he knew of the marihuana's existence and that he exercised control over it. See *Sewell v. State*, supra.

The appellant operated a crop dusting business, he owned several other aircraft, and his airstrip was located at a distance of approximately two hundred yards from his residence. There is some evidence that he employed Dillard as well as other pilots. There is also evidence that a key was not required to start the appellant's airplane and that entrance to the airplane could be gained by any number of keys that were made for that particular model aircraft—a Piper Aztec. Dillard's airplane was a Piper Aztec. The modification of appellant's airplane—removal of the middle and rear seats—was not inconsistent with its use in the crop dusting business. There is no evidence establishing how many people were loading, unloading, or otherwise handling the marihuana at the appellant's airstrip or how many people were in the van prior to it approaching the airplanes. Moreover, there is no evidence that either vehicle that was apparently used to light up the airstrip ever approached the airplanes; there is only evidence that the van approached the airplanes and that the two other vehicles then followed the van as it departed from the appellant's airstrip. Even though no pilot's license was found in the billfold or on the person of Williams, Vale, or Deibert when they were arrested, the evidence does not preclude the possibility that one of them flew the appellant's airplane; Williams, Vale, and Deibert were the only persons actually shown to have access to the appellant's airplane that night. There is no evidence, other than ownership, establishing the appellant's access to his airplane that night or establishing that he had ever been involved in any similar type of transactions; he made no incriminating statements, no prior convictions against him were shown, and no marihuana was found on him when he was arrested.

■ While the evidence may strongly suggest that the appellant is guilty of the offense charged, a conviction based on circumstantial evidence cannot be sustained if

the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. Proof that amounts only to a strong suspicion or mere probability is insufficient. *Dubry v. State*, supra; *Sewell v. State*, supra; *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App. 1978); *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App. 1977); *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App. 1977). We find that the evidence creates no more than a suspicion of the appellant's guilt of the offense charged, and is insufficient to sustain the conviction. See *Dubry v. State*, supra; *Sewell v. State*, supra.

For these reasons the judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).