**James Robert BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0603–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1983.

Michael A. Manes, Houston, for appellant.

Don Clemmer, Houston, for appellee.

Before COHEN, JACK SMITH and BULLOCK, JJ.

COHEN, Justice.

The appellant was convicted in a non-jury trial of intentionally and knowingly possessing marihuana in a usable quantity of more than fifty pounds and less than two hundred pounds. The court assessed punishment at imprisonment for ten years and a $5,000 fine.

We hold that the evidence was insufficient to prove the appellant's guilt and, therefore, we reverse the judgment of conviction and reform the judgment to show an acquittal.

The evidence, viewed in the light most favorable to the verdict, showed that on January 14, 1982, at approximately 9:15 a.m., Officer J.E. Farrar of the Houston Police Department Narcotics Division received a telephone call at his office from a confidential informant who stated that a white male, driving a 1977 brown or brown and tan Chrysler Cordoba automobile, would be in the parking lot of Gantry's Restaurant in the 1600 block of Westheimer in Houston and that the car would be loaded with approximately one hundred pounds of marihuana. The informant also told Officer Farrar that the individual driving the automobile would ultimately make contact for a sale with an unnamed white male and an unnamed white female, who would pick up either the marihuana or the automobile itself. The conversation between the informant and Officer Farrar lasted from three to five minutes, with the informant stating that the auto would be in the location stated "any time" and that the officers "needed to get over there." Officer Farrar testified that the informant had provided accurate information on several previous occasions.

Officer Farrar stated that the informant did not provide the license number of the automobile; did not state the source of his information that marihuana was in the automobile; did not state how he knew the auto would be in the described location; did not state the source of his knowledge that the driver of the auto would attempt to contact the male and female purchasers; did not state how the individual driving the auto had acquired either the automobile or the marihuana; and did not state that the person driving the auto was also the owner of the auto.

Farrar and other officers went to the Gantry's Restaurant parking lot, arriving ten or fifteen minutes after the tip, between 9:30 and 9:40 a.m. They observed there a 1977 Chrysler Cordoba brown and tan auto, which was the only car in the lot meeting the description provided by the informant. They waited fifteen to twenty

minutes at which time the appellant emerged from the restaurant, and drove off in the automobile under police surveillance.

Officer Farrar, who testified that he was the only person who had talked on the phone to the confidential informant regarding this transaction, stated that the informant did not describe the white male who would be driving the vehicle, did not estimate the driver's age or type of clothing or did not give Officer Farrar any information concerning the driver's characteristics so that he would be identifiable apart from the vehicle.

After leaving the restaurant parking lot, the appellant drove the automobile to a location in the 2500 block of Lake Street in Houston, a distance of a very few miles, requiring approximately five to ten minutes of travel. Upon his arrival at this location, which was apparently a parking lot for some unidentified type of business, the appellant parked the car, locked it, and walked across the street to a building, where he stood inside and appeared to watch the automobile for approximately thirty minutes. The appellant then left the building, began walking east on Reba Street, and eventually entered a Monterrey House Restaurant on south Shepherd Street, a distance of approximately ten or twelve blocks from the parked auto. The walk took approximately fifteen to twenty minutes.

Officer Dimambro testified that, approximately two or three minutes after the appellant entered the Monterrey House Restaurant, he entered and arrested the appellant, who was standing in line at the time. Officer Dimambro took the appellant outside, searched him and discovered a .25 caliber revolver in his pocket and a case containing some partially smoked marihuana cigarettes and approximately a quarter of an ounce of marihuana. Officer Dimambro testified that during his surveillance he did not see the appellant do anything unlawful, but he did regard as "suspicious" the defendant's movements during the approximately thirty minute period between the time the automobile was parked at the Lake Street location and the time the appellant began walking to the restaurant. These movements consisted of appellant's walking in and out of the building while looking periodically back toward the parked automobile. Except for this behavior Officer Dimambro did not state other circumstances constituting grounds for his suspicion. Officer Farrar testified that during his surveillance of the appellant he did not see him do anything suspicious or out of the ordinary, did not observe him commit any traffic violations, did not observe any suspicious or furtive gestures, and did not observe anything suggesting that the appellant was engaged in a criminal offense.

After appellant's arrest by Office Dimambro at the Monterrey House Restaurant, he was returned to the parked automobile in the 2500 block of Lake Street. Sergeant Miller of the Narcotics Division then read him the standard Miranda warning after which he asked the appellant if the officers could search the car. The appellant stated that the car was not his and they could search it. The appellant did not have a trunk key in his possession and the police entered the trunk after releasing it with an interior latch located inside the glove compartment. Inside the locked trunk were four boxes containing approximately eighty-eight pounds of marihuana.

No witness ever testified to the identity of the registered owner of the automobile. There was no evidence that appellant's fingerprints were found on the boxes containing the marihuana or on the marihuana itself.

■ Texas Courts have frequently held that mere presence of an accused near the location of prohibited items is not sufficient to show possession of the items. *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975). The State must prove that the accused exercised care, control and management over the contraband and that the accused knew that the matter possessed was contraband. The State must affirmatively link the accused to the contraband before it can be concluded that he had knowledge and con-

trol of it. *Olguin v. State,* 601 S.W.2d 941 (Tex.Cr.App.1980).

■ In this case there is no evidence that the appellant exercised care, control and management over marihuana contained in boxes in a locked trunk of a car not shown to be his and not shown to have been operated by him on any other occasion. In the absence of additional independent facts and circumstances affirmatively linking the appellant to the marihuana, we cannot conclude that it has been shown either that he knew of the presence of the boxes in the trunk or that he knew that the contents of the boxes was contraband. The State's evidence was entirely circumstantial and was insufficient to exclude the hypothesis raised by its own evidence that the possession was not knowing or intentional.

Evidence more incriminating than that in the instant case has been held insufficient even to support an order revoking probation, where the standard of proof is by preponderance of the evidence, rather than beyond a reasonable doubt. *Wiersing v. State,* 571 S.W.2d 188 (Tex.Cr.App.1978); *Naquin v. State,* 607 S.W.2d 583 (Tex.Cr.App.1980). In many other cases evidence more incriminating than that herein has been held insufficient to prove guilt beyond a reasonable doubt. See *Sinor v. State,* 612 S.W.2d 591 (Tex.Cr.App.1981); *Reid v. State,* 474 S.W.2d 702 (Tex.Cr.App.1972); *Hausman v. State,* 480 S.W.2d 721 (Tex.Cr.App.1972); *Armstrong v. State,* 542 S.W.2d 119 (Tex.Cr.App.1976); *Williams v. State,* 498 S.W.2d 340 (Tex.Cr.App.1973).

The judgment is reversed and reformed to show an acquittal. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Morr v. State,* 587 S.W.2d 711, 714 (Tex.Cr.App.1979).

Publish. Tex.Crim.App.R. 207.