**Clyde Lee BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1169–83.**

Court of Criminal Appeals of Texas, En Banc.

July 11, 1984.

---

Lawrence B. Mitchell, Dallas (court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Dennis Jones and David Lewis, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of burglary of a habitation. Punishment, enhanced by a prior conviction, was assessed by the jury at 40 years. The Court of Appeals affirmed in an unpublished opinion.

Appellant's sole ground of error in the Court of Appeals and in his Petition for Discretionary Review challenges the sufficiency of the evidence to support the jury's verdict. The Court of Appeals did not set forth any of the facts developed at trial. Appellant argues that the circumstantial evidence relied upon by the State could not support a jury finding of guilt. We find it necessary, therefore, to review the evidence presented during the course of appellant's trial.

Sometime around 8:30 or 9:00 on the morning of September 15, 1981, appellant knocked on the front door of the home of James and Marie Sallie. Mr. Sallie invited appellant into the house. Appellant had been a regular visitor to the Sallie's home up until about three to four months prior to the date of the offense while he was dating the Sallie's granddaughter. Upon entering the house appellant and the Sallies sat in the front room of the house and talked for approximately 8 minutes. Mr. Sallie asked appellant if he would help him move a truck out of his front driveway. Appellant indicated he would help move the truck and left the house to see if the truck could be moved. While he was outside, Mrs. Sallie asked for some medicine which was in her pocketbook. Mr. Sallie went to the back bedroom to get the medicine and he noticed that the mattress was half-way off the bed and the pocketbook was gone. A pistol that had been hidden under the mattress was taken during the burglary. The bedroom was entered through one of the bedroom windows after the window screen had been pried off.

While he was in the bedroom Mr. Sallie looked out the window and saw appellant walking toward the front of the house. Appellant knocked on the front door again and said that he would have to get a friend to help him move the truck. Mr. Sallie testified that appellant had his arm positioned in such a way that he could not see what was underneath it. Appellant left and did not return.

**120**

Mr. Sallie reported the burglary to the police. The patrol officers discovered the pocketbook at the rear of the house and returned it to Mr. Sallie. No money had been taken out of the pocketbook because Mrs. Sallie kept her money in a change purse which she had with her at all times. Mr. Sallie testified that appellant was aware of this fact. The officers did not take any fingerprints or examine the window for pry marks because Mr. Sallie told them that appellant had committed the burglary. The gun was never recovered.

■ Circumstantial evidence is sufficient to support a conviction if the facts proved support a reasonable inference that the defendant committed the crime and exclude to a moral certainty any inference consistent with his innocence. *Galvan v. State*, 598 S.W.2d 624, 627. A conviction based upon circumstantial evidence cannot be sustained, however, if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Wilson v. State*, 654 S.W.2d 465, on rehearing; *Moore v. State*, 640 S.W.2d 300. The evidence before us merely shows that the Sallie's discovered their home had been burglarized while appellant was visiting. The mere presence of appellant at the scene of the offense is insufficient to prove that he committed the offense charged. *King v. State*, 638 S.W.2d 903, 904. There was no testimony by Mr. Sallie which indicated when he had been in the bedroom last prior to the burglary. No one testified that they had heard a disturbance in the bedroom after appellant left the house to check on the truck in the driveway. Appellant was not found to have been in possession of any of the stolen property. The circumstantial evidence presented by the State was insufficient to exclude every reasonable hypothesis except the guilt of the appellant. See *Wilson v. State*, supra.

The judgment of the Court of Appeals is reversed; the judgment of the trial court is reversed and reformed to show an acquittal.