Booker Talliferro
**CALDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0506–CR.**

Court of Appeals of Texas,
Houston (1 Dist.).

Feb. 21, 1985.

Gibbs Spiller, Jan G. Banker, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Don Clemmer, Veryl Brown, Harris County Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a conviction for possession of a controlled substance, pentazocine. Prior to trial, the appellant filed a motion to suppress evidence obtained during an allegedly illegal search and seizure. The trial court denied the motion after a hearing. At trial, the appellant pleaded no contest as part of a plea bargain agreement and waived his right to a jury trial. The court accepted the plea bargain, found the appellant guilty, fined him $500, and probated his four-year prison term.

On November 29, 1983, a police officer on patrol in the Third Ward district of

Houston stopped and arrested a man, later identified as Leroy Massey, on suspicion of possessing or selling a controlled substance. Once in custody, Massey was taken to a police substation, where he was questioned by a second police officer. As a result of questioning, Massey agreed to incriminate the appellant and signed a written statement, which was used as the basis of an affidavit for a search warrant covering the tailor shop where appellant worked. A search warrant was issued, and later that afternoon, the police searched the tailor shop. At the time of search, the appellant was standing behind the cash register. A quantity of Preludin was discovered behind the counter, and a sock containing 100 pentazocine tablets was found inside the pocket of a coat hanging on a wall.

We consider the appellant's third ground of error to be dispositive of the appeal. The appellant challenges the sufficiency of the evidence to show his unlawful possession of a controlled substance in that ground.

■ To establish unlawful possession of a controlled substance, the state must prove that the accused exercised care, control, and management over the substance and also that he knew the substance was contraband. *Oaks v. State,* 642 S.W.2d 174, 176 (Tex.Crim.App.1982). In order to meet its burden of proof on this issue, the state must show something more than the accused's presence at the location where the contraband was found, particularly where the accused did not have sole access to the premises. *Id.* at 177; *Meyers v. State,* 665 S.W.2d 590, 593 (Tex.App.—Corpus Christi 1984, pet. ref'd).

■ Thus, if a defendant is not in exclusive possession of the place where the contraband is found, it cannot be presumed that he had knowledge of and control over the substance. Under such circumstances, the state must show additional independent facts and circumstances that affirmatively link the defendant to the contraband and that indicate his knowledge and control. *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex. Crim.App.1981); *Wiersing v. State,* 571 S.W.2d 188, 190 (Tex.Crim.App.1978). Relevant facts linking the defendant to the contraband may include proof that the defendant was under the influence of the controlled substance; that he was found in close proximity to the contraband; that the controlled substance was in plain view; that the defendant's fingerprints were on the contraband; that the defendant made furtive gestures or attempted to flee; and that witnesses gave conflicting or incriminating statements regarding the defendant's participation. *See, e.g., Oaks v. State,* 642 S.W.2d at 177–79; *Rhyne v. State,* 620 S.W.2d at 601; *Wiersing v. State,* 571 S.W.2d at 190.

In the case at bar, the evidence showed only that the appellant worked at a tailoring business, which was actually owned by a third party. There was no evidence that appellant was other than an employee at the shop, and it is undisputed that the premises were open to the public and that appellant did not have sole access to the premises.

■ Other than the fact that the appellant was found working behind the counter in the room where the controlled substance was found, there is no evidence tying him to the contraband. The investigating officer testified that he began his search behind the counter, where he found a paper bag containing ten Preludin pills inside a golf bag. The appellant was not charged with or convicted of possession of Preludin. The discovery of Preludin pills behind the counter did not furnish the required affirmative link between the appellant and the pentazocine found in the pocket of the coat hanging on a wall of the room.

The state offered no specific proof of the layout of the shop, nor did it make any showing that the appellant had exclusive control over any certain part of the store. Neither was there any proof as to how close the appellant was standing to the pentazocine at the time it was found. Indeed, the discovery of the pentazocine in the jacket hanging on the wall merely tended to corroborate the informant's testimo-

ny, at the hearing on appellant's motion to suppress, that he himself hid the pills in the tailor shop in the jacket hanging on the wall.

In summary, we find that the state's evidence showed only that the appellant was in the same room where the pills were found, and it is undisputed that none of the pills were in plain view. The only indication of a link between the appellant and the pills was furnished by the informant in his sworn, written statement, given while under arrest for possession of a controlled substance. In that statement, the informant said that he had seen the appellant give several pentazocine pills to another man, then hide the rest behind the counter. At the hearing on appellant's motion to suppress, the informant retracted his earlier statement and admitted that he had lied under oath. He stated that he believed he would not be prosecuted for possession if he incriminated the appellant. The informant further testified that the pills belonged to himself and to another man, and he described the occasion on which he had hidden the contraband in the jacket at the shop without the appellant's knowledge. He explained that he had fabricated the story about the appellant for fear, in light of his own extensive criminal record, of being charged with possession himself.

The informant's out of court affidavit, given to establish probable cause to search, is the sole link between the appellant and the pentazocine pills. It is hearsay, wholly without probative value, and will not be considered in determining the sufficiency of the evidence. *Gutierrez v. State,* 628 S.W.2d 57, 64 (Tex.Crim.App. 1980) (op. on reh'g); *Ayers v. State,* 570 S.W.2d 926, 928 (Tex.Crim.App.1978). There was no other showing that the appellant had any knowledge, much less dominion and control, of the pentazocine pills found in the tailor shop. The state's evidence is legally insufficient to prove beyond a reasonable doubt that the appellant possessed the contraband. *See Rodriguez v. State,* 635 S.W.2d 552, 554 (Tex.Crim. App.1982); *see also Oaks v. State,* 642

S.W.2d at 178. We therefore sustain the appellant's third ground of error.

Because of this disposition, we need not consider appellant's first and second grounds of error, in which he contends that the trial court erred in overruling his motion to suppress the evidence seized.

The judgment of the trial court is reversed, and the appellant is ordered acquitted.