**Carl McBRIDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00095–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 4, 1989.

Bruce E. Jordan, Law Office of Lawrence L. Garcia, San Antonio, for appellant.

Fred G. Rodriguez, J. Anne Kelley, Monica Gonzalez, Michael L. Gebhart, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BIERY and CARR, JJ.

## OPINION

CADENA, Chief Justice.

The trial court found appellant guilty of possession of less than 28 grams of cocaine and sentenced him to 4 years' imprisonment, probated. He seeks reversal on the ground that the evidence is insufficient to establish an affirmative link between him and the cocaine.

After appellant solicited an undercover police officer to engage in prostitution, appellant entered the cab of a nearby pickup truck. Almost immediately several officers arrived at the scene and arrested appellant. Appellant does not question the legality of the arrest nor of the subsequent search of the truck which led to the discovery of the contraband.

The search by Officer Alejandro Ortiz led to the discovery of a water pipe, commonly known as a bong, under some papers and receipts which were on the seat next to the place where appellant had been seated. In the bowl of the bong was a plastic bag, rolled up like a cigarette, which contained cocaine.

The only testimony concerning the discovery of the drug was given by Ortiz. He said that when he saw the bong he showed it to "everybody" and asked, "Did you see this?" He noticed the plastic bag in the bowl of the bong and when he pulled it out he realized that it "looked like it was cocaine." The bong and some marihuana were beneath a "bunch of papers" which

were "all over the seat of the pickup and stuff." When he found the plastic bag he thought that it was "just trash," but when he pulled it out of the pipe he saw that the bag contained "this little crystal substance." When he showed the other officers what he had found they said, "[W]ell, being that you found it let's take it up to the narcotics office and have it tested, see what it is really. We think it's cocaine but we have to be sure. We need to test it." He was "not surprised" that no marihuana was ever turned in to the property room in this case, because "[a] lot of things happen in this world."

When he looked into the cab he moved "some things" and then he saw the bong. He does not recall that appellant made any attempt to "grab ... or hide the substance." Appellant did not try to destroy the "substance," nor did he make any incriminating statements or attempt to escape. He has no evidence or knowledge that appellant was under the influence of cocaine at the time of the arrest. Ortiz did not remember seeing any person, other than appellant, in the truck.

■ There is no evidence that appellant was the owner of the vehicle in which the contraband was found. The evidence establishes that the bong in which the cocaine was found was not in plain view. We do not accept the State's theory that the required affirmative link was established by testimony that it was found in a place which was easily accessible to appellant.

The facts in this case are no stronger than those which were held insufficient in *Humason v. State*, 728 S.W.2d 363 (Tex. Crim.App.1987). In that case defendant, the driver of a pickup truck, was stopped for speeding. When the officer discovered that defendant was driving with a suspended driver's license he arrested defendant, handcuffed him and placed him in a patrol car. When the officer searched the truck he discovered, in an unzipped cloth gym bag on the seat next to where defendant had been driving, a clear vial which contained cocaine. The bag contained several other items, including clothing, a towel and some aspirin bottles. *Id.* at 364. The

Court of Criminal Appeals, after characterizing the evidence as proving that defendant was the sole occupant of a truck with an unzipped bag containing cocaine lying within his reach, decided that such evidence did not support the conclusion that, beyond a reasonable doubt, defendant "knowingly possessed the cocaine." *Id.* at 366.

In *Humason* the State argued that there was evidence of several affirmative links between defendant and the cocaine from which the jury could conclude beyond a reasonable doubt that defendant knowingly possessed the cocaine. The State contended that (1) defendant was the sole occupant of the vehicle, thus suggesting that he possessed the contents of the truck; (2) the open bag was found close to defendant, suggesting that he had immediate access to the contents of the bag; and (3) the substance was cocaine, an expensive drug that is unlikely to be misplaced or left by some other owner. *Id.* at 366. The court, while conceding that the trier of fact could conclude from the evidence that defendant knowingly exercised actual care, custody, control or management over the cocaine in the open gym bag, pointed out that it would be just as rational for the trier of fact to conclude that defendant was entirely unaware of the presence of the cocaine. "Without some evidence excluding the equally reasonable hypothesis that [defendant] was unaware of the presence of the cocaine, the trier of fact could not conclude *beyond a reasonable doubt* that [defendant] knowingly possessed the cocaine." *Id.* at 366.

■ According to the *Humason* opinion, the fact that appellant was the sole occupant of the truck excludes the hypothesis that he was unaware of the contents of the truck only if there was proof that appellant recently had sole access to the truck. *Id.* The principle, applied in such cases as *Waldon v. State*, 579 S.W.2d 499, 501 (Tex. Crim.App.1979), that mere presence in the vicinity of a controlled substance is not sufficient to establish joint possession of such substance is, according to *Humason*, equally true when there is only one person present in the vicinity of the contraband.

Mere solitary presence in the vicinity of contraband does not prove knowing possession of the substance beyond a reasonable doubt. *Humason v. State*, 728 S.W.2d at 367.

In this case the evidence of affirmative links fails to eliminate the reasonable hypothesis that appellant was unaware of the presence of cocaine. The evidence here is weaker than that declared insufficient in *Humason*, since there is no evidence in this case that appellant was driving the truck shortly before the cocaine was found. We must conclude that no rational trier of fact could find beyond a reasonable doubt that appellant knowingly possessed the cocaine.

The judgment of the trial court is reversed and the cause is remanded with instructions to enter a judgment of acquittal.