**Miguel Angel GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04-88-00422-CR.

Court of Appeals of Texas,
San Antonio.

March 30, 1990.

Rehearing Denied May 9, 1990.

Albert Lopez, Donald A. Clowe, San Antonio, for appellant.

Lynn Ellison, Asst. Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and PEEPLES and ONION, JJ.

## OPINION

ONION, Justice.[1]

This appeal is taken from a conviction for unlawful possession of marihuana in an amount of more than 50 pounds but less than 200 pounds. TEX.REV.CIV.STAT.

GOV'T CODE ANN. § 74.003 (Vernon 1988).

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

ANN. art. 4476–15, § 4.051(a), (c), (d)(1) (Vernon 1989). Following the jury's verdict of guilty, the court assessed appellant's punishment at fifty (50) years' confinement in the Department of Corrections, and at a fine of $5,000.00.

On appeal, appellant raises four points of error. In his fourth point of error he challenges the sufficiency of the evidence to support his conviction. Since we sustain this contention and reverse the conviction we need not dispose of the other points of error.

The record reflects that on July 28, 1987, Jane Herber, Special Agent with the Drug Enforcement Administration (DEA) in McAllen, was advised by a confidential informer that a load of marihuana of approximately 200 pounds would be leaving the Valley the next day. The tip included the information that the marihuana was to be taken to a truck stop located on Interstate Highway 37 near Pleasanton, and delivered to an unknown person. It was to be transported in a 1979 silver colored Mercury automobile bearing Texas license plates 964–RGE. Herber contacted Ronnie Lawson, Texas Department of Public Safety (DPS) investigator in San Antonio. Plans were made to follow the automobile as it left the Valley, and to intercept it.

On the morning of July 29, 1987, the Mercury automobile left from an area north of Donna followed by agents Herber and Morrison. Herber was able to inform Lawson the automobile was en route, Lawson was able to arrange for DPS air surveillance and a license check roadblock north of the truck stop, and coordinated the efforts with members of the Sheriff's office in Atascosa County.

Agent Herber testified the 1979 Mercury was being driven by a short, stocky red-haired Mexican man who was accompanied by a Hispanic female passenger. About 10 a.m. Herber and agent Morrison terminated their surveillance and returned to McAllen. Agents Matthews and Ambrose continued the surveillance until the Mercury stopped at a Gulf station and a Dairy Queen truck stop a few miles south of Pleasanton. About 4:30 p.m. Matthews described the occupants of the Mercury as had Herber; neither of the occupants was the appellant.

Robert Duvall, DPS Narcotics Investigator, testified that he drove by the Dairy Queen and looking in he saw four men seated at a table; one was red-haired and another was appellant, whom Duvall admitted he had never seen. As he drove past he didn't see any other red-haired individuals and felt the man he saw fitted the description he had been given. He knew nothing about a female companion and did not recall being given any such description. Duvall, like other officers, did not know what eventually happened to the red-haired man or his female companion.

About 45 minutes after the vehicle arrived at the Dairy Queen, it was observed to depart and stop nearby for gas. It was seen proceeding on the highway for about ten minutes until it was stopped at the planned roadblock. At this time appellant was driving the 1979 Mercury. The car was searched and marihuana was found in the trunk.

Travis Hall, DPS Highway Patrol Officer, testified that he stopped the Mercury; that appellant produced a driver's license giving an address in Mission in the Valley and that he (appellant) appeared a bit nervous and he was sweating. Appellant was not under the influence of drugs and no contraband was found on his person. Officer Hall found two marihuana seeds in a crease in the front seat of the car on the passenger side of the Mercury. They were each the size of the head of a straight pin. No contraband was found in a search of the interior of the car. Appellant had no key to the car's trunk, so the officers removed the back seat, and only after they got into the trunk did they smell the odor of marihuana. The marihuana was packaged in cardboard boxes and was shown to weigh almost 142 pounds. The officers admitted they didn't even try to lift fingerprints from the boxes or the trunk.

The chain of custody was established and the chemist testified the substance submitted to him was shown to be marihuana by chemical analysis.

**24**

Ricardo Fernandez gave only limited testimony for the State. This was by agreement with the State due to some immunity question. Fernandez testified he lived in Mission, that he knew appellant who lived three miles from him, and that he (Fernandez) owned the 1979 Mercury in question. He was not cross-examined.

Appellant offered no evidence.

In reviewing the sufficiency of the evidence to sustain the conviction this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979). *Dickey v. State,* 693 S.W.2d 386, 387 (Tex. Crim.App.1984); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983) (opinion on reh'g). The standard for review is the same in both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240 (Tex.Crim.App.1986); *Christian v. State,* 686 S.W.2d 930, 934 (Tex. Crim.App.1985); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Carlsen, supra* at 449.

A conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of defendant's guilt. *Humason v. State,* 728 S.W.2d 363, 366 (Tex.Crim.App.1987); *Burns v. State,* 676 S.W.2d 118, 120 (Tex. Crim.App.1984). Proof which amounts only to strong suspicion or mere probability of guilt is insufficient to support a conviction. *Humason, supra* at 366; *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim.App. 1982).

If after viewing the evidence in this light, there is a reasonable hypothesis other than the guilt of the accused, then it cannot be said that the guilt has been shown beyond a reasonable doubt. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim. App.1988); *Anderson v. State,* 701 S.W.2d 868, 872 (Tex.Crim.App.1985).

The indictment in the instant case charged in pertinent part that appellant on or about July 29, 1987 "did then and there intentionally and knowingly possess a usable quantity of marihuana, to-wit: in an amount more than 50 pounds but not more than 200 pounds."

Where the accused is charged with the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, custody or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Martin, supra* at 387; *Nunn v. State,* 640 S.W.2d 304, 305 (Tex.Crim.App.1982); *Sinor v. State,* 612 S.W.2d 591, 593 (Tex. Crim.App.1981); *Dubry v. State,* 582 S.W.2d 841 (Tex.Crim.App.1979); *Watson v. State,* 752 S.W.2d 217, 221 (Tex.App.— San Antonio 1989, pet. ref'd).

The definition of possession as set out in TEX.REV.CIV.STAT.ANN. art. 4476–15, § 1.02(36) (Vernon Supp.1989) is: "'Possession' means actual care, custody, control or management." Further, possession must be a voluntary act. TEX.PENAL CODE ANN. § 6.01(b) provides: "(b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *See Watson, supra* at 221. Such definition in the penal code applies to a prosecution under the Controlled Substances Act. *See* TEX.PENAL CODE ANN. § 1.03(b).

Possession of the controlled substance need not be exclusive and evidence which shows the accused jointly possessed the controlled substance with another is sufficient. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *Oaks v. State,* 642 S.W.2d 174, 176 (Tex.Crim. App.1982); *Martin, supra* at 387.

Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband by a showing which indicates the accused's knowledge and control of the contraband. *Waldon v. State,* 579 S.W.2d 499, 501 (Tex.Crim.App.1979), and cases cit-

ed therein. The burden of showing an affirmative link or links rests on the State. *Damron v. State*, 570 S.W.2d 933, 935 (Tex.Crim.App.1978). In order to meet this burden of proof the State must show something more than the accused's presence at the location where the contraband is found. *Oaks, supra* at 177–179; *Caldwell v. State*, 686 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ The *mens rea* requirement of a possessory offense is knowledge by a defendant that his conduct or the circumstances surrounding his conduct constitutes possession of a controlled substance. *Watson, supra* at 222; *Humason, supra* at 365; TEX.PENAL CODE ANN. § 6.03(b).

Affirmative and relevant facts linking an accused to the contraband have been noted and listed in several opinions. *See e.g., Martin v. State, supra; Guiton v. State*, 742 S.W.2d 5, 8 (Tex.Crim.App.1987); *Oaks v. State, supra. See also Chavez v. State*, 769 S.W.2d 284, 288–89 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Trejo v. State*, 766 S.W.2d 381, 384–85 (Tex.App.—Austin 1989, no pet.); *Caldwell v. State, supra.*

■ It has been determined that the finding of the contraband in open or plain view of the accused can establish an affirmative link. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App.1981); *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim. App.1976). In the instant case the contraband was not in plain view of the accused. The officers testified that nothing from the exterior of the car indicated that marihuana was in the car, and one testified that even seated in the car the marihuana could not be seen. If the contraband was in close proximity to the accused and readily accessible to him it is an additional fact indicating the accused's knowledge of and control of the contraband. *Pollan, supra* at 596; *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Crim.App.1981); *Hahn v. State*, 502 S.W.2d 724, 725 (Tex.Crim.App.1973); *Brazier v. State*, 748 S.W.2d 505 (Tex.App. —Houston [1st Dist.] 1988, pet. ref'd). As the record indicates, the appellant had no key to the trunk of the car, and even the

officers had to take out the back seat and fire wall to get to the marihuana. Further, it is observed that the appellant was not under the influence of marihuana or other narcotics or had contraband on his person when arrested. There was no odor of the contraband. In fact the officers were unable to detect the odor of marihuana until they broke into the trunk. The appellant made no incriminating statements when arrested, did not make furtive gestures towards the contraband and did not attempt to flee. *See Reyes v. State*, 575 S.W.2d 38, 40 (Tex.Crim.App.1979).

The State urges that the appellant was the driver of the car in which the marihuana was found and was its sole occupant, citing *Aldridge v. State*, 482 S.W.2d 171, 174 (Tex.Crim.App.1972). The appellant was not the owner of the car and did not have sole access to it. He had been in the car for ten minutes or so and had driven five or six miles. In *Aldridge, supra*, the defendant was driving his mother's car but the contraband was found under the driver's seat and the officer smelled marihuana smoke as he approached the car, which contained several occupants. *Aldridge* is distinguishable on its facts from the instant case.

The State points out the two pin head size seeds found in a crease in the front seat on the passenger side of the car. The seeds were never analyzed and were still in Officer Hall's desk. No other contraband was found in the car. *See Taylor v. State*, 505 S.W.2d 927 (Tex.Crim.App.1974) (nine marihuana seeds in various locations in defendant's car occupied by defendant and other persons insufficient to sustain conviction).

The State urges the amount of the marihuana recovered from the trunk should be considered an affirmative link, citing *Carvajal v. State*, 529 S.W.2d 517, 520 (Tex. Crim.App.1975) and *Aranda v. State*, 506 S.W.2d 221, 223 (Tex.Crim.App.1974). In neither case was the amount of marihuana an affirmative link in and of itself relied upon by the court. In *Carvajal* 37 pounds of marihuana was found on the floor of the motel room, the defendant fled into the

bathroom where the motel key and other marihuana was found on the defendant's person. The amount of marihuana was used to indicate contraband in plain view of the defendant. In *Aranda* the State relied upon the defendant's confession, his grandmother's testimony and observations of police officers. The amount of marihuana (76 bricks) was not considered an affirmative link essential to the conviction.

The State also calls attention to the fact that appellant was nervous and sweating at time of arrest. Officer Hall testified, however, most people were nervous when stopped by a highway patrolman and he acknowledged that it was hot in South Texas on the July afternoon in question, and that he didn't know whether appellant had been using air conditioning. When he first saw the appellant the car window was down.

Although appellant drove the Mercury automobile only five or six miles and his destination was never established, the State relies upon the lack of luggage in the vehicle. The State points to the fact that appellant lived in Mission and to Officer Hall's conclusory statement that appellant seemed somewhat confused as to his destination. The State calls attention to the testimony of the Mercury's owner that he lived in Mission and knew appellant, but there was no testimony that appellant knew the owner or how the car became involved. The State urges that sight not be lost of the "big picture"—that a large and expensive load of marihuana was found locked in the trunk of the car which appellant was driving and of which he was the sole occupant, and that appellant was the second "mule" in the transportation. The question remains whether the State has met its burden of proof, particularly in showing that the appellant was aware of the particular controlled substance.

In *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987), the evidence was held insufficient to sustain a conviction for possession of cocaine where the defendant, the sole occupant of a pickup truck, was stopped for speeding, was arrested for driving with a suspended driver's license, and a search of an unzipped cloth gym bag lying on the seat of the pickup next to the defendant revealed a clear vial containing cocaine. After applying the appropriate evidentiary tests, the court wrote:

> While a trier of fact could conclude from the combination of these circumstances that appellant knowingly exercised actual control or management over the cocaine in the gym bag, it would be just as rational for that same trier of fact to conclude that appellant was entirely unaware of the presence of the cocaine, the trier of fact could not conclude beyond a reasonable doubt that appellant knowingly possessed the cocaine.

*Humason, supra* at 366.

In *Watson v. State*, 752 S.W.2d at 223, the court wrote: "The large quantity of the expensive controlled substance found in the trailer only excludes the hypothesis that appellant was unaware of the hidden contraband in the trailer if the trier of fact also had some proof suggesting that appellant was aware of that particular controlled substance."

While the evidence in the instant case may cast some suspicion on appellant, the evidence of affirmative links between him and the marihuana, even in combination with the sighting of the appellant in the Dairy Queen with the red-haired man, that the owner of the car and appellant lived in the same town, etc.; failed to eliminate the reasonable hypothesis that appellant was entirely unaware of the presence of the marihuana. If the evidence supports an inference other than guilt, a finding of guilty beyond a reasonable doubt is not a rational finding. *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985); *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim. App.1983). Without some evidence excluding the equally reasonable hypothesis that appellant was unaware of the presence of the marihuana, the trier of fact could not conclude beyond a reasonable doubt that appellant *knowingly* possessed the marihuana. The State has failed to meet its burden of proof. Appellant's fourth point of error is sustained. *Watson v. State*, 752 S.W.2d 217 (Tex.App.—San Antonio 1988,

pet. ref'd); *Baty v. State,* 734 S.W.2d 62 (Tex.App.—Dallas 1987, pet. ref'd); *Brown v. State,* 663 S.W.2d 139 (Tex.App.—Houston [1st Dist.] 1983, no pet.). *See also McBride v. State,* 780 S.W.2d 823 (Tex. App.—San Antonio 1989, no pet.).

As a result of the insufficiency of the evidence to sustain the conviction the judgment is reversed and appellant ordered acquitted. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

PEEPLES, Justice, dissenting.

I respectfully dissent. Applying the same rules of law that the majority applies, I conclude that the evidence is sufficient to sustain the conviction.

The majority has concluded that the evidence "failed to eliminate the reasonable hypothesis that appellant was entirely unaware of the presence of the marihuana." I disagree with that conclusion. I agree that we must apply the principle that a conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude all *reasonable* hypotheses except the defendant's guilt. *See, e.g., Butler v. State,* 769 S.W.2d 234, 238 (Tex. Crim.App.1989); *Martin v. State,* 753 S.W.2d 384, 386–87 (Tex.Crim.App.1988); *Humason v. State,* 728 S.W.2d 363, 366 (Tex.Crim.App.1987). But I think that this principle has been carried to absurd lengths in this case.

The key element of this standard of appellate review is reasonableness. "In a circumstantial evidence case, the State need not present evidence excluding every *conceivable* hypothesis except that of defendant's guilt, it need only present evidence excluding every *reasonable* hypothesis." *Hooker v. State,* 621 S.W.2d 597, 601 (Tex.Crim.App.1980) (emphasis added) (Onion, P.J., citing six cases); *accord, Carlsen v. State,* 654 S.W.2d 444, 447 (Tex.Crim. App.1983). The evidence need not exclude all other hypotheses *to a moral certainty. See Foster v. State,* 779 S.W.2d 845, 863 (Tex.Crim.App.1989); *Carlsen v. State,* 654 S.W.2d at 447 (citing four cases). "Thus,

simply because appellant presented a different version of the events, the evidence is not rendered insufficient." *Little v. State,* 758 S.W.2d 551, 562–63 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988), quoting *Anderson v. State,* 701 S.W.2d 868 (Tex.Crim.App. 1985), *cert. denied,* 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986). The State need not negate every hypothesis that the mind of an appellate judge can imagine.

The majority finds the evidence insufficient because it perceives a reasonable hypothesis that appellant was unaware of the 142 pounds of marihuana in the trunk of the car he was driving. I think the evidence justified the jury's conclusion that appellant knowingly and intentionally possessed the marihuana. Stated differently, the evidence does not support a *reasonable* hypothesis inconsistent with guilt.

I stress at the outset that appellant was not simply caught driving a car that had drugs in it. It is preposterous to state, as appellant's brief does, "that the appellant was for a short period of time the sole occupant of a vehicle in which contraband was found. . . ." That assessment of the evidence is accurate only if one views the arrest by itself, in isolation from the events that preceded it. But in this circumstantial evidence case, the jury was entitled to consider all of the circumstances in context. The combined and cumulative force of all the incriminating circumstances may be sufficient to support the jury's finding. *Livingston v. State,* 739 S.W.2d 311, 330 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Beardsley v. State,* 738 S.W.2d 681, 685 (Tex.Crim.App.1987).

The record shows that a surveillance team consisting of six state and federal agents, working on the ground and from an airplane, observed two unnamed people (*A,* a red-haired male, and *B,* a Hispanic female) drive a silver 1979 Mercury from the Rio Grande Valley to a Dairy Queen several miles outside Pleasanton. The officers from the valley knew that the car was loaded with marihuana. The trip took about four or five hours. Appellant, who

lives in the Valley, met *A* at the Dairy Queen and talked with him and two other people (*C* and *D*) for 30 or 40 minutes at a table inside. When that meeting broke up, *A*, *C*, and *D* disappeared (apparently *B* had already left), and appellant filled the car with gasoline and drove away in the Mercury in the same northerly direction on Interstate 37 that it had been traveling all day. Officers stopped him, opened the trunk,[1] and found 142 pounds of marihuana worth $227,000. Appellant had no luggage and did not have the key to the trunk. The car's owner, also from the Valley, testified that he knew appellant and that they lived within three miles of each other, but he offered no other pertinent testimony.

I believe that all these facts, considered together, are sufficient for a jury to conclude rationally that appellant knowingly possessed the marihuana.

What is the reasonable hypothesis consistent with innocence? The majority does not say; it simply announces the bald conclusion that the evidence "failed to eliminate the reasonable hypothesis that appellant was entirely *unaware* of the presence of the marihuana." The majority reaches this conclusion without even considering whether the meeting at the Dairy Queen was planned or unplanned.

It is inconceivable that the meeting at the Dairy Queen was coincidental and unplanned.[2] The meeting had to have been planned, and the question is, what is the reasonable hypothesis consistent with innocence that requires reversal and acquittal?

Are we to believe that the original drivers arranged in advance for appellant to meet them at the highway Dairy Queen and then to take the car to a certain destination without telling him its contents? I concede that such a scenario is *conceivable* in the sense that almost anything is conceivable. But it is not reasonable, in my opinion, to hypothesize that appellant arranged to meet the couriers at a country truck stop a half day's drive from his home, talked with them for 30 to 40 minutes, left his car at the Dairy Queen, gassed up the courier's Mercury, and then drove it in the same direction on the interstate highway—all without knowing what it contained. That hypothesis is utterly absurd. Certainly the jury was entitled to reject it.

For these reasons, I conclude that there is no reasonable alternative hypothesis consistent with innocence. Whether the meeting was planned or unplanned, I cannot agree that the jury acted irrationally in finding appellant guilty.

The majority's conclusion is not supported by *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987). There the police found .03 grams of cocaine in a gym bag on the seat of a truck that the defendant was driving. The *Humason* court made clear its conclusion that the State had merely proved that the defendant was "present in the vicinity of a controlled substance." That is a far cry from the 142 pounds involved in this case, along with the lengthy—and in my mind obviously pre-ar-

---

1. Acting on information from the officers who had monitored the trip from the Valley, a state highway patrolman had observed the meeting at the Dairy Queen. About ten minutes after the meeting broke up and appellant drove away in the Mercury, he was stopped on the interstate highway. Appellant claimed he did not have a key to the trunk, and the arresting officer forced entry.

2. If the meeting was unplanned, we would have to hypothesize something like the following: that (1) *A* and *B* drove four or five hours from the Valley with 142 pounds of marihuana; (2) they happened to stop at an isolated country Dairy Queen where, in one incredible coincidence, they chanced upon appellant, who also hailed from the Valley and who knew the car's owner; (3) caught up in the euphoria of this

chance meeting, appellant and *A* decided to switch cars, and *A* turned over a car carrying 142 pounds of marihuana, which he had shepherded all day long, to the unwitting appellant, who knew nothing of the precious load in the trunk and apparently was free to take the car wherever he wanted; and (4) appellant filled *A*'s car with gasoline and continued in the same direction on the interstate highway that the car had been traveling all day, but on a mission other than drug smuggling. That hypothesis would be fanciful instead of reasonable. It would be utterly irrational to hypothesize that drug couriers would turn over a car with 142 pounds of controlled substance to someone they met by happenstance, without having reached an understanding with the recipient about what the car contained and where it would be taken.

ranged—meeting at the Dairy Queen and the other facts already mentioned.

I certainly agree that "it is not enough for the State to show that a defendant was merely present in the vicinity of a controlled substance." *Humason v. State*, 728 S.W.2d at 365. In order to show that the defendant knowingly exercised actual care, custody, control or management over the controlled substance, the State must show some kind of "affirmative links" between him and the substance. *Id.* at 365–66. But the State need not fit the evidence into some affirmative-link pigeonhole. The *Humason* court stated, "It would be inappropriate for this Court to list examples of circumstances that would provide sufficient evidence of affirmative links in a particular case. Each case presents a unique set of facts that should only be reviewed by the general 'rational trier of fact' standard enunciated in *Jackson v. Virginia*." *Id.* at 367 n. 12.

In other words, the facts of each case must be assessed, and they need not fall into any rigid category. In the context of this case, for example, when all the facts are considered, the evidence can be sufficient even though the contraband was not in plain view, there was no odor of marihuana in the car, appellant did not make furtive gestures or try to flee, there were no drugs on his person, and he did not own the car.

I would hold that the facts of this case justified the finding of knowing possession, and that the jury could rationally have found the elements of the offense.