

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00091-CR

---

JAMES DANIEL HARRIS                                                  APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant James Daniel Harris was found guilty of possession of more than 4 but less than 200 grams of methamphetamine. The jury assessed his punishment at confinement for life with a $10,000 fine. In his sole point, Appellant argues that the trial court erred by charging the jury in the abstract portion of the charge that possession of a controlled substance is a result-of-

---

[1]*See* Tex. R. App. P. 47.4.

conduct offense when, in fact, it is solely a nature-of-conduct or circumstances-surrounding-the-conduct offense. We affirm.

## I. BACKGROUND

On September 8, 2009, Officer Gerald Schulte executed a search warrant at Harris's residence. During the search, Schulte and other officers found more than eighteen grams of methamphetamine. In an interview conducted at the scene, Harris confessed to ownership of the methamphetamine, stating "all the dope in the house is mine. . . . That's what I do." Officers also found several items in the house that indicated Harris intended to distribute methamphetamine. A grand jury indicted Harris for intentionally and knowingly possessing, with the intent to deliver, more than 4 but less than 200 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2010).

The abstract portion of the jury charge defined the applicable culpable mental states:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or *to a result of his conduct* when it is his conscious objective or desire to engage in the conduct or cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, *with respect to a result of his conduct* when he is aware that his conduct is reasonably certain to cause the result. [Emphases added.]

The charge's application paragraphs stated:

Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that James Daniel Harris . . . did then and there intentionally or knowingly possess, with intent to deliver, a controlled substance . . . then you will find the defendant guilty of possession of [a] controlled substance with intent to deliver as alleged in the indictment.

. . . .

. . . Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that James Daniel Harris . . . did then and there intentionally or knowingly possess a controlled substance, . . . then you will find the defendant guilty of possession of [a] controlled substance as included in the indictment.

No objection was made to these definitions or instructions. Harris was convicted of the lesser-included offense of possession of more than 4 but less than 200 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). Harris then appealed.

Harris's appointed appellate counsel filed a motion to withdraw accompanied by a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). On May 30, 2013, we granted counsel's motion to withdraw and remanded the appeal to the trial court for appointment of new counsel based on the presence of arguable issues. Thereafter, Harris's new appellate counsel argued that the allegedly erroneous jury charge caused him egregious harm.

## II. DISCUSSION

### A. INACCURACIES IN THE REPORTER'S RECORD

As noted above, Appellant's first appointed appellate attorney concluded that there were no arguable issues arising from Appellant's conviction. After

3

counsel filed an *Anders* brief and was allowed to withdraw, Appellant began filing documents in this court pro se. We construed some of these filings to be complaints to the accuracy of the reporter's record and the exclusion of an exhibit referred to at trial. We abated the appeal and ordered the trial court to conduct a hearing to determine whether the reporter's record was complete. *See* Tex. R. App. P. 34.6(e)(3). The trial court did so and found that (1) "the reporter's record is accurate"; (2) "the visual aids utilized by the prosecutor during his punishment argument were not offered into evidence; therefore, they are not part of the appellate record"; and (3) "nor were the visual aids taken into the jury room during deliberations." Appellant then filed objections to the trial court's findings in this court.

At the hearing, Appellant asserted that the prosecutor, during testimony by some of the State's witnesses, marked on a paper pad on an easel to "draw[] the locale of what they viewed to be the scene of the meth lab." The prosecutor "clearly . . . marked with different colored markers showing location, direction, position." Appellant argued, therefore, that the reporter's record was inaccurate because the prosecutor's drawing was not included as an exhibit. But the drawing was never offered as an exhibit and admitted into evidence. Indeed, the trial court rechecked the exhibit box and discovered that no such drawing was included.

As required by rule 34.6(e)(3), we submitted Appellant's dispute to the reporter's record to the trial court for "resolution." *Id.* The trial court resolved the

4

dispute and concluded that the record was not inaccurate. Tex. R. App. P. 34.6(e)(2). We are not in a position to question the trial court's findings. Indeed, the rule provides that "the trial court must . . . settle the dispute." *Id.* We are satisfied that the trial court correctly reviewed and resolved Appellant's complaint under rule 34.6(e)(3). Thus, this dispute has been finally settled. *See, e.g.*, *Jaynes v. State*, 216 S.W.3d 839, 843–44 (Tex. App.—Corpus Christi 2006, no pet.); *Borunda v. State*, No. 05-00-00568-CR, 2001 WL 722151, at *3–4 (Tex. App.—Dallas June 28, 2001, no pet.) (not designated for publication).

## B.  JURY CHARGE

We now turn to Appellant's argument that the jury charge contained egregious error based on the definitions of the applicable culpable mental states. "[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.* Unpreserved charge error warrants reversal only when the error resulted in egregious harm. *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006).

The culpable mental states in the penal code encompass three possible conduct elements that may be involved in an offense: nature of the conduct,

5

result of the conduct, and circumstances surrounding the conduct. Tex. Penal Code Ann. § 6.03 (West 2011); *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). In short, some crimes are defined in terms of result and some are defined in terms of conduct or circumstances. When an offense is specifically delineated as to the type of conduct, the trial court should limit the statutory definitions in the jury charge to the culpable mental state required. *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); *Murray v. State*, 804 S.W.2d 279, 281 (Tex. App.—Fort Worth 1991, pet. ref'd); 43 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 43:8 (3d ed. 2011). Appellant alleges that the definitions of the applicable culpable mental states—intentionally and knowingly—were erroneous because they impermissibly indicated that possession of a controlled substance is result oriented, as opposed to solely conduct oriented.

Possession of a controlled substance has not been clearly categorized as either result or conduct oriented. *See Garcia v. State*, 790 S.W.2d 22, 25 (Tex App.—San Antonio 1990) (describing possession of marijuana as both conduct and result oriented), *appeal abated*, 840 S.W.2d 957 (Tex. Crim. App. 1992); *Adams v. State*, 744 S.W.2d 622, 628–29 (Tex. App.—Fort Worth 1987, pet. ref'd) (recognizing possession of controlled substance not clearly classified as either conduct or result oriented); *see also* Tex. Health & Safety Code Ann. § 481.115(a) (West 2010). When an offense is not neatly categorized as to the appropriate mens rea, it is not error for the trial court to charge the jury on the

complete statutory definitions of the applicable culpable mental states because the statutory definitions allow the jury to consider either the result or the nature of the defendant's conduct. *See, e.g.*, *Murray*, 804 S.W.2d at 281; *Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.); *Bosier v. State*, 771 S.W.2d 221, 225 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). Accordingly, the jury charge in this case, which allowed the jury to consider either the nature or the result of Appellant's conduct, was not erroneous.

Even if the abstract portion of the jury charge contained error, however, we would conclude that the error was not egregious. Because the application paragraphs correctly limited the culpable mental states as charged in the indictment, any error in the abstract portion of the charge was not calculated to injure Appellant's rights or deprive him of a fair and impartial trial. Tex. Code Crim. Proc. Ann. art. 36.19; *see Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) ("Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious."), *cert. denied*, 529 U.S. 1102 (2000). We overrule Appellant's point.

### III. CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

7

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 10, 2014