**Bevlon Waldo BRAZIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–87–00094–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 17, 1988.

---

**1.** See Comment, *The At–Will Doctrine: A Proposal to Modify the Texas Employment Relation-*  *ship,* 36 Baylor L.Rev. 667 (1984).

Jim Keegan, Huntsville, Bernard Packard, Beaumont, for appellant.

Mike Little, Dist. Atty., Chambers County, Georgia L. Clapper, Asst. Dist. Atty., for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

The trial court found appellant guilty of possession of less than 28 grams of cocaine, found two enhancement paragraphs of the indictment to be true, and assessed punishment at 45 years imprisonment. Appellant asserts three points of error.

On July 17, 1986, Officer Adame of the Texas Department of Public Safety clocked a vehicle traveling 76 m.p.h. eastbound on Interstate 10 in Chambers County. While in pursuit of the speeding vehicle, he saw appellant, who was sitting in the front passenger seat, try to conceal something under or around the armrest area between the driver and passenger seats.

Adame testified that when the vehicle came to a stop, he approached the rear of the car and asked the driver to step out. He stated that while talking to the driver, he noticed appellant acting very nervous and looking toward the armrest area. Adame asked the driver for permission to search the car, and the driver agreed. The officer approached the passenger side and asked appellant to step out.

On the passenger's seat, Adame found a round container with a mirror inside. Underneath the folding armrest, he found a Salem cigarette package in which were four plastic bags containing what he thought to be "crack," with one of the bags protruding from the cigarette package. He testified that the mirror was of the type used for snorting cocaine and had a white residue on it that matched the color of the substance found in the plastic bags. Adame testified that he showed the four plastic bags to appellant, who denied ownership and knowledge of the bags' contents. Testing showed the contents of the bags to be cocaine.

■ In his first point of error, appellant asserts that the evidence was insufficient to prove that he intentionally or knowingly possessed the cocaine.

In reviewing the sufficiency of evidence on appeal, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of the fact could have found the essential elements beyond a reasonable doubt. *Dickey v. State,* 693 S.W. 2d 386, 387 (Tex.Crim.App.1984).

■ Where circumstantial evidence is involved, as in the instant case, the circumstances must exclude every other reasonable hypothesis except that of the guilt of the defendant. *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim.App.1982). Proof that amounts only to a strong suspicion or mere probability is insufficient to support a conviction. *Id.*

■ To establish the unlawful possession of a controlled substance such as cocaine, the State must prove that the accused exercised care, control, and management over the contraband, and that the accused knew that the matter possessed was contraband. *Rhyne v. State,* 620 S.W. 2d 599, 601 (Tex.Crim.App.1981).

■ Possession of a controlled substance need not be exclusive, and as long as there is evidence showing that the accused jointly possessed the controlled substance with another, unlawful possession is established. *Oaks v. State,* 642 S.W.2d 174, 176 (Tex.

Crim.App.1982); *Long v. State*, 532 S.W.2d 591, 594 (Tex.Crim.App.1975).

■ To support a conviction for possession of cocaine, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. *Christopher v. State*, 639 S.W.2d 932, 935 (Tex.Crim.App. 1982), *overruled on other grounds*, 700 S.W.2d 227 (Tex.Crim.App.1985); *Sewell v. State*, 578 S.W.2d 131 (Tex.Crim.App.1979).

■ When the accused is not in exclusive possession of the place where the controlled substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless additional independent facts and circumstances affirmatively link the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327 (Tex.Crim.App.1981); *Hughes v. State*, 612 S.W.2d 581 (Tex.Crim.App. 1981).

■ Affirmative links may be established by facts and circumstances that indicate the accused's knowledge of and control over the contraband, including the fact that the contraband was in open or plain view; that it was in close physical proximity to the accused; that the accused was in possession of narcotic paraphernalia; that the accused was familiar with the type of contraband; and that the accused attempted to conceal the contraband. *See Deshong v. State*, 625 S.W.2d at 329; *Waldon v. State*, 579 S.W.2d 499 (Tex.Crim.App.1979); *Harrison v. State*, 555 S.W.2d 736 (Tex. Crim.App.1977).

Officer Adame testified that he saw appellant trying to place something in the armrest area, that appellant later appeared nervous and was glancing in the direction of that area, and that the cigarette package with the protruding plastic bag was in plain view and within reach of the front passenger seat. A mirror with white residue was found on the front passenger seat. At trial, appellant admitted that the mirror belonged to him. Further, he testified that

he knew how to convert cocaine into "crack."

When viewed in a light most favorable to the prosecution, the aforementioned evidence was sufficient to establish the necessary affirmative link between appellant and the cocaine, and to raise a reasonable inference that appellant knew of the cocaine's existence and its whereabouts. Therefore, it was sufficient to show that he intentionally and knowingly possessed the cocaine. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that a fatal variance between the allegations in the first enhancement paragraph and the proof presented at the punishment stage rendered the evidence insufficient to support the trial court's finding of "true" to the enhancement convictions.

The State alleged two enhancement paragraphs, to which appellant pleaded "not true." The first enhancement paragraph charged a prior felony conviction on May 26, 1977, in Cause Number 28493 in the District Court of Jefferson County, for driving an automobile without the owner's consent.

At the punishment stage, the State introduced documents that showed the following: that appellant was convicted on May 6, 1971, in Cause Number 28493 in the District Court of Jefferson County, for driving an automobile without the owner's consent; that appellant escaped from custody before he could be sentenced; that he was sentenced in absentia, with his counsel present, on April 19, 1972; and that on May 27, 1977, he appeared in person with counsel and was sentenced again as a precautionary measure.

■ It is well established that it is not necessary to allege prior convictions for purposes of enhancement of punishment with the same particularity as must be used in charging the original offense. *Cole v. State*, 611 S.W.2d 79 (Tex.Crim. App.1981); *Coleman v. State*, 577 S.W.2d 486 (Tex.Crim.App.1979); *Hollins v. State*, 571 S.W.2d 873 (Tex.Crim.App.1978).

**509**

Further, a variance between the allegations in the indictment and the proof presented at trial will be material and fatal only if it misleads the defendant to his prejudice. *Freda v. State,* 704 S.W.2d 41 (Tex.Crim.App.1986). The purpose of an enhancement allegation is to provide the accused with notice of a prior conviction relied upon by the prosecution. *Coleman v. State,* 577 S.W.2d at 488.

Appellant contends that he was misled and surprised by the variance between the conviction date alleged and the date proven. He claims that he would not have testified at trial and subjected himself to cross-examination about his prior convictions if he had known that the State would attempt to enhance his punishment by introducing evidence of a 1971 conviction, instead of a May 26, 1977 conviction, as alleged.

However, appellant could not reasonably have been misled by the indictment. The enhancement paragraph alleged the correct county, the correct court, the correct cause number, the correct offense, and the fact that the offense was a felony. Further, it alleged the correct final sentencing date for the conviction.

Several cases have held similar variances not to be material. *See Thompson v. State,* 563 S.W.2d 247 (Tex.Crim.App.1978) (where the indictment alleged that a prior conviction became final on October 17, 1972, and the proof showed the actual date to be October 19, 1972); *Pinkston v. State,* 681 S.W.2d 893 (Tex.App.—Fort Worth 1984, pet. ref'd) (variance in the date a prior conviction became final); *Lopez v. State,* 654 S.W.2d 521 (Tex.App.—Corpus Christi 1983, pet. ref'd) (where there was a variance between the date of a prior conviction alleged and that proved).

The variance in the instant case was not material or fatal, and did not mislead appellant to his prejudice. Furthermore, there was sufficient evidence to support the trial court's finding of "true" to the enhancement allegations. At the punishment stage, in addition to the conviction records, the State offered appellant's testimony from the guilt/innocence stage of trial, during which he admitted that he was convicted of the prior felony offense in 1971, that he escaped before sentencing, and that he was recaptured and sentenced again in 1977.

When a defendant takes the stand at the guilt/innocence stage and admits any part of his prior criminal record, such evidence may be properly considered by the court in assessing punishment. *Ex parte Girnus,* 640 S.W.2d 619 (Tex.Crim.App. 1982). Appellant's second point of error is overruled.

In his third point of error, appellant makes the novel contention that the trial court erred in permitting him, once trial before the jury had commenced, to waive his right to a trial by jury without the prosecutor's written consent of waiver being on file *before* he entered his plea of not guilty.

Tex.Code Crim.P.Ann. art. 1.13 (Vernon 1977) provides:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and *the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.*

(Emphasis added.)

At the start of trial, appellant entered a plea of not guilty before the jury. After the State presented its case-in-chief before the jury, appellant asked for an instructed verdict, which the trial court denied. Appellant then requested that he be allowed to waive his right to a trial by jury and present his case to the trial court.

At that time, a written waiver and consent was signed by appellant, his attorney,

and the State's attorney. The waiver was approved by the court and filed in the papers of the cause. Thereafter, the trial court dismissed the jury, heard the remaining evidence, and found appellant guilty.

Appellant now contends for the first time on appeal that the State did not comply with the requirements of article 1.13. Specifically, he notes that the State did not file the written consent of waiver *before* he entered his plea.

Under the circumstances of this case, however, it was obviously impossible for the State to file the written consent of waiver *before* appellant entered his plea. The entry of a plea is made at the beginning of trial. Appellant gave no indication that he wished to waive his right to a jury trial when he entered his plea before the jury and proceeded to trial.

The requirements of article 1.13 obviously contemplate a defendant's request of waiver "upon entering a plea." Appellant elected to request a waiver of trial by jury only after he entered his plea before a jury, and after the trial was in progress. He cannot now complain of the State's failure to comply with a requirement made impossible by his own actions. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.