**Opinion issued October 18, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-09-01075-CR

———————————————

**ROY JOE BAILEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 1210862**

---

## MEMORANDUM OPINION

A jury found appellant, Roy Joe Bailey, guilty of the offense of possession

of cocaine weighing less than one gram,[1] and it assessed his punishment at

---

[1]     *See* TEX. PENAL CODE ANN. §§ 481.102(3)(D), 481.115(b)  (Vernon 2010).

confinement for eighteen years with a $10,000 fine. In two issues, appellant contends that the evidence is legally and factually insufficient to support his conviction.

We affirm.

## Background

City of Humble Police Department ("HPD") Officer J. Martinez testified that on April 7, 2009, he saw a car with an expired inspection sticker. He initiated a traffic stop, and, as he approached the car, he "immediately" smelled "the aroma of burnt marijuana coming from out of the vehicle." The driver of the car, a man, reported his name as "Coleman." Appellant was sitting in the passenger seat. Martinez "noticed broken pieces of a glass crack pipe" in appellant's lap and called for assistance. After a second police officer arrived on the scene, Martinez arrested Coleman and appellant, searching both men for weapons. Martinez found a "copper Brillo pad," which he "immediately recognized" as an instrument "commonly used" as a filter in "crack pipes," in one of appellant's pockets. Martinez also found Coleman to be in possession of marijuana.

After Officer Martinez arrested Coleman and appellant, he conducted an inventory search of the car and found a piece of a "broken glass crack pipe . . . located in between the front seat and the middle console that was within the reach of [appellant]." The crack pipe was inside a "toothbrush holder," which Martinez

2

testified, based on his training and experience, was "commonly" used to hold "crack pipes." One end of the pipe was "blackened," which indicated that it had recently been used to smoke cocaine. Martinez then transported Coleman and appellant to a detention facility and informed them "that there could be additional charges for any contraband that would be brought into jail." At that point, appellant told Martinez that he had "two crack cocaine rocks hidden in his left sock." Martinez then searched appellant's left sock and found the two crack rocks.

On cross-examination, Officer Martinez testified that although he saw "pieces" of the crack pipe in appellant's lap, he did not seize the pieces as evidence; he seized only the remaining piece of the crack pipe found in the "toothbrush holder." Martinez determined that the piece of the crack pipe found in the middle console belonged to appellant because it was "within his reach" and it would have been "hard for [Coleman] to get to it." Although he initially arrested appellant for possession of drug paraphernalia, Martinez charged appellant with possession of a controlled substance when he discovered the crack rocks in appellant's sock. At the detention facility, appellant "offered" to "make a phone call and order some cocaine." On re-direct examination, Martinez explained that the broken pieces of the crack pipe that he saw in appellant's lap were the same color as the piece of the pipe that he found in the middle console.

Appellant testified that on April 7, 2009, he was attempting to hitchhike to Conroe, Texas, when Coleman, whom he had never met before, picked him up "on the side of the highway." About fifteen minutes later, Officer Martinez initiated the traffic stop, looked inside the car, and asked, "Where's the weed?" Both Coleman and appellant replied that neither of them had been smoking marijuana. After a second police officer arrived on the scene, Martinez arrested Coleman for driving without a driver's license. The second police officer then approached appellant and asked, "Where's the drugs?" He pulled appellant out of the car and searched him, finding "some Brillo pad" in appellant's back pocket.

After Officer Martinez placed appellant into the patrol car, he entered the car and told appellant that he had found "crack rocks in a sock behind the passenger seat" and "a crack pipe that was in a white container that he found in the car." Martinez told appellant, "I found it behind the passenger seat. It's got to be yours." However, the only items in the car that belonged to appellant were a "green pullover sweater and a small bible." Martinez told appellant, "I can charge you with this or you can give me somebody else," and he directed appellant to "[g]ive [him] somebody big." Appellant then called an acquaintance, using Coleman's cellular telephone, to set up a purchase of cocaine. Martinez, along with several other police officers, then left to investigate the person appellant had called.

4

## Sufficiency of the Evidence

In his first issue, appellant argues that the evidence is legally insufficient to support his conviction because "the State failed to affirmatively link appellant to the cocaine." In his second issue, appellant argues that the evidence is factually insufficient to support his conviction because "the State failed to prove the appellant had exclusive possession or control over the cocaine."

We review the legal sufficiency of the evidence by considering all of the evidence "in the light most favorable to the prosecution" to determine whether any "rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

We now review the factual sufficiency of the evidence under the same appellate standard of review as that for legal sufficiency. *Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd.).

To establish the unlawful possession of a controlled substance, the State must show that a defendant (1) exercised care, custody, control, or management over the controlled substance, and (2) he knew he possessed a controlled substance. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.115 (Vernon 2010); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App.1995). Possession may be proved through either direct or circumstantial evidence. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005); *see also Rice v. State*, 195 S.W.3d 876, 881 (Tex. App.—Dallas 2006, pet. ref'd) (stating jury could infer knowing or intentional possession of contraband).

Officer Martinez testified that when he first approached Coleman's car, he saw a broken crack pipe in appellant's lap. He later found, in a console holder in between the driver's and passenger's seats of the car, the remaining piece of the broken crack pipe, which was the same color as the pieces of pipe that he saw in appellant's lap. After searching appellant, Martinez found a "Brillo" pad, which he explained was "commonly used" as a filter in crack pipes. Most important, Martinez testified that when he transported appellant to the detention facility, he advised appellant that police officers would conduct a strip search. He instructed

6

appellant that "if he had any contraband that had not been found it might benefit him to tell" Martinez. Appellant told Martinez that "he had two crack cocaine rocks hidden in his left sock." Martinez then searched appellant's left sock and found the cocaine.

Appellant asserts that the State was required to prove "independent facts and circumstances" that "affirmatively link" him to the cocaine. *See Dickey v. State*, 693 S.W.2d 386, 389 (Tex. Crim. App. 1984); *Brazier v. State*, 748 S.W.2d 505, 508 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). However, the State need only prove such "independent facts and circumstances" when the defendant is not in "exclusive possession" of the place where the contraband is found. *See, e.g., Brazier*, 748 S.W.2d at 508. For example, in *Dickey*, the defendant was accused of cultivating marijuana plants grown on another's property. 693 S.W.2d at 388. In *Brazier*, the defendant was accused of possessing cocaine found in the armrest of a car in which he was a passenger. 748 S.W.2d at 507. As explained by the Texas Court of Criminal Appeals, the "affirmative links rule" is "designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to somebody else's drugs." *Poindexter*, 153 S.W.3d at 406. The rule "simply restates the common-sense notion that a person — such as a father, son, spouse, roommate, or friend — may jointly possess property like a house but not necessarily jointly possess the contraband found in that house." *Id.*

7

Here, however, the evidence reveals that appellant was not an "innocent bystander" who shared joint possession of the car where the cocaine was found. Officer Martinez testified that he found cocaine in appellant's left sock after appellant had admitted to possessing cocaine. This evidence is sufficient to establish that appellant had knowledge of and control over the contraband. *See, e.g., Sereal v. State*, No. 01-09-00192-CR, 2011 WL 1234739, at *5 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, pet. ref'd) (stating that officer's testimony that cocaine found on defendant's person at police station was sufficient to link defendant to cocaine). And although appellant testified that the sock was found behind the passenger seat, the jury was entitled to disregard appellant's testimony and believe Martinez's testimony. *See Williams*, 235 S.W.3d at 750. Thus, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that appellant knowingly possessed the cocaine. *See Moreno*, 755 S.W.2d at 867.

Accordingly, we hold that the evidence is sufficient to support appellant's conviction.

We overrule appellant's first and second issues.

**Conclusion**

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).