PD-1315-15

PD-1315-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2015 3:32:49 PM
Accepted 10/7/2015 3:01:28 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TERESA AGUILERA

Petitioner,

v.

## THE STATE OF TEXAS

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-13-280-CR FROM THE SEVENTH COURT OF APPEALS
AND IN CAUSE NUMBER 65,099-B FROM THE
181st DISTRICT COURT OF POTTER COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

**THE PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

**Trial Court Judge**

Hon. John B. Board

**Appellant**

Teresa Aguilera

| | |
|---|---|
| Trial Counsel: | Michael Warner  (State Bar No. 20872700)<br>101 S.E.2d 11th Avenue, Suite 301<br>Amarillo, Texas 79101<br>Telephone:  (806) 372-2595 |
| Appellate Counsel: | John Bennett  (State Bar No. 00785691)<br>P.O. Box 19144<br>Amarillo, Texas 79114<br>Telephone:  (806) 282-4455 |

**Appellee**

The State of Texas

| | |
|---|---|
| Trial Counsel: | Richard Martindale  (State Bar No. 00794236)<br>Potter County District Attorney's Office<br>501 S. Fillmore, Suite 5-A<br>Amarillo, Texas 79101<br>Telephone:  (806) 379-2325 |
| Appellate Counsel: | Richard Martindale  (State Bar No. 15369200)<br>Potter County District Attorney's Office<br>501 S. Fillmore, Suite 5-A<br>Amarillo, Texas 79101<br>Telephone:  (806) 379-2325 |

# TABLE OF CONTENTS

Identity of Judge, Parties and Counsel.................................................................2

Index of Authorities .......................................................................................4

Statement Regarding Oral Argument ...................................................................6

Statement of the Case.....................................................................................6

Statement of Procedural History.......................................................................6

Grounds for Review .......................................................................................6

**1**.      Are possessory offenses "result of conduct" ones?

**2**.      Where the defendant presents evidence she was *forced* to possess a substance, is a jury charge egregious harmful if it permits conviction based on the *result* of the conduct?

Argument for Ground One..................................................................................7

Argument for Ground Two ................................................................................8

Prayer for Relief...........................................................................................10

Certificate of Compliance ..............................................................................10

Certificate of Service ....................................................................................11

Court of Appeals' Opinion........................................................ following page 11

# INDEX OF AUTHORITIES

Cases

*Ex parte Amador*, 326 S.W.3d 202 (Tex.Crim.App. 2010)..................................7

*Garcia v. State*, 790 S.W.2d 22, 25 (Tex. App. – San Antonio

    1990), *abated*, 840 S.W.2d 957 (Tex.Crim.App. 1992)......................... 7-8

*Gutierrez v. State*, 446 S.W.3d 36 (Tex.App. – El Paso 2014,

    pet. ref.)..................................................................................................8

*Huffman v. State*, 267 S.W.3d 902 (Tex.Crim.App. 2008) ..................................7

*Landrian v. State*, 268 S.W.3d, 532 (Tex.Crim.App. 2008)................................7

*Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex.Crim.App. 1983)................................7

*Price v. State*, 457 S.W.3d 437 (Tex.Crim.App. 2015).................................. 9-10

*Tovar v. State*, 978 S.W.2d 584 (Tex.Crim.App. 1998)......................................7

*Villarreal v. State*, 453 S.W.3d 429 (Tex.Crim.App. 2015)........................... 9-10


Rule

TEX. R. APP. P. 66.3(a) ........................................................................................8

TEX. R. APP. P. 66.3(b) ........................................................................................8

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# TERESA AGUILERA

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-13-280-CR FROM THE SEVENTH COURT OF APPEALS
AND IN CAUSE NUMBER 65,099-B FROM THE
181st DISTRICT COURT OF POTTER COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW Teresa Aguilera, petitioner in the above cause, and submits this petition in support of her request for her appeal's remand to the Seventh Court of Appeals for new analysis.

## STATEMENT REGARDING ORAL ARGUMENT

Because an issue of first impression is involved, the petitioner requests oral argument.

## STATEMENT OF THE CASE

The petitioner pled not guilty of possession of four to 200 grams of methamphetamine but was convicted by a jury. After finding an enhancement allegation true, the jury returned a sentencing verdict of 60 years' imprisonment.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals affirmed the conviction and sentence on July 30, 2015 (attached). The petitioner filed a motion for rehearing on August 13, 2015. On September 1, 2015, the court of appeals denied rehearing without opinion.

## GROUNDS FOR REVIEW

**1**.    Are possessory offenses "result of conduct" ones?

**2**.    Where the defendant presents evidence she was *forced* to possess a substance, is a jury charge egregious harmful if it permits conviction based on the *result* of the conduct?

## ARGUMENT FOR ISSUE ONE

Are possessory offenses "result of conduct" ones?

The Court has classified many, if not most, offenses as "result of conduct," "nature of conduct," or "circumstances surrounding the conduct," more than one of those or none of them. These include indecency with a child, either by exposure or contact (nature of conduct),[1] aggravated assault by serious bodily injury and by use or exhibition of a deadly weapon (both nature of conduct),[2] murder via serious bodily injury (nature of conduct),[3] failure to stop and render aid (circumstances surrounding the conduct),[4] and conducting an impermissibly closed meeting (no mental state required).[5]

As the court of appeals notes, the "courts have not placed the offense of possession of a controlled substance within a single category as a nature-, result- or circumstances-oriented offense," although one court of appeals hints that possessory offenses are "nature of conduct" ones.[6] (Opinion, attached, p. 7).

---

[1] *Ex parte Amador*, 326 S.W.3d 202, 220 (Tex.Crim.App. 2010).
[2] *Landrian v. State*, 268 S.W.3d 532, 543 (Tex.Crim.App. 2008).
[3] *Lugo-Lugo v. State*, 650 S.W.2d 72, 87-8 (Tex.Crim.App. 1983).
[4] *Huffman v. State*, 267 S.W.3d 902, 908 (Tex.Crim.App. 2008).
[5] *Tovar v. State*, 978 S.W.2d 584, 587 (Tex.Crim.App. 1998).
[6] *Garcia v. State*, 790 S.W.2d 22, 25 (Tex. App. – San Antonio 1990) ("The mens rea requirement of a possessory offense is knowledge by a defendant that his conduct or the circumstances surrounding his conduct constitutes possession of a controlled substance"), *abated*, 840 S.W.2d 957 (Tex.Crim.App. 1992) (en banc).

To the extent *Garcia* holds that possessory offenses are "nature of conduct" ones, then the decision below – that the matter is unsettled – conflicts with *Garcia*. TEX. R. APP. P. 66.3(a). Also, given the abundance of possessory offenses, the proper classification of them is an "important question of state law under" TEX. R. APP. P. 66.3(b). And recently another court of appeals has described classification as a very important matter in review; in claims of jury charge error involving culpable mental states, as the petitioner raised below, "the *most crucial question* in our analysis of this issue is whether the element" in question "is a nature of conduct element or a result of conduct element." *Gutierrez v. State*, 446 S.W.3d 36, 40 (Tex.App. – El Paso 2014, pet. ref.) (emphasis added).

## ARGUMENT FOR ISSUE TWO

Where a defendant presents evidence she was *forced* to possess a substance, is a jury charge egregious harmful if it permits conviction based on the *result* of the conduct?

For reasons unexplained in the record, the petitioner's trial counsel did not request a jury instruction on duress. Nevertheless, the defensive trial strategy relied on this defense.

8

"Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex.Crim.App. 2015). But the nature of duress is that the actor does something against her will. The court of appeals held that an actor raising duress must nevertheless have the requisite culpable mental state. (Opinion, p. 8-9). And authorizing of a possessory conviction based on the result of conduct entails that evidence of coercion is irrelevant. If a person is forced against her will to possess an object, she does not intend the *result* of the possession – the result is caused by the coercion.

But the result, under the charge given, is all that a conviction requires. The charge, not limited to the nature of the conduct, accordingly "vitally affected" the petitioner's sole defensive theory. *Villarreal*, 453 S.W.3d at 433.

The court of appeals also held egregious harm is absent since the charge's application paragraph required a finding that the petitioner possessed the controlled substance, and so focused the jury on the nature of her conduct: this

> thus told the jury it must find appellant intentionally or knowingly engaged in the conduct of possession, not that she intentionally or knowingly accomplished a particular result. To any degree that focus on a result of conduct is improper in a drug possession case, therefore, the jury here was properly focused on the nature of appellant's conduct.

(Opinion, p. 10). But the culpable mental state must be *tailored* to the offense's status as nature, result and/or circumstances surrounding the conduct. *Price v.*

9

*State*, 457 S.W.3d 437, 441 (Tex.Crim.App. 2015).  Here it was not, and consequently all defensive evidence of the petitioner's theory of duress was rendered superfluous, entailing egregious harm.  *Villarreal*, 453 S.W.3d at 433.

## PRAYER FOR RELIEF

The petitioner prays the Court grant discretionary review and remand the case to the court of appeals for new analysis, or grant all appropriate relief.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

## CERTIFICATE OF COMPLIANCE

I certify that this entire PDR contains 1,429 words.

/s/ JOHN BENNETT
John Bennett

10

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing PDR has been served by personal delivery on Richard Martindale, Esq., Assistant District Attorney for Potter County, and on Lisa McMinn, Esq., State Prosecuting Attorney, by United States Mail, first class delivery prepaid, to her at P.O. Box 13046, Austin, Texas 78711, and by email to her at lisa.mcminn@spa.texas.gov, all on October 5, 2015.

/s/ JOHN BENNETT
John Bennett



## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-13-00280-CR

---

TERESA AGUILERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 65,099-B, Honorable John B. Board, Presiding

---

July 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Through three issues appellant Teresa Aguilera challenges her conviction for possession of four grams or more but less than 200 grams of methamphetamine and the resulting sentence of sixty years' confinement in prison, enhanced.[1] We will modify

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). This is a second degree felony which was enhanced to a first degree felony because of appellant's prior felony conviction for injury to a child. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2014).

the judgment to indicate appellant is not obligated to pay for court-appointed counsel and, as modified, affirm the judgment.

## Background

Appellant was a passenger in a vehicle stopped by police for a traffic violation. A warrants check revealed outstanding warrants against the driver and he was arrested. He possessed two pocket knives.

An officer spoke with appellant at the passenger side of the vehicle. She appeared "very fidgety, nervous." She stepped out of the vehicle and officers conducted a consensual search of the vehicle and her pockets. A records check revealed an outstanding warrant against appellant and she was arrested. When warned of the consequences of bringing contraband into the county jail, appellant became "visibly upset and started to cry." She told officers she wished to surrender contraband outside the sight of the driver because she was afraid of him and did not want him to see her deliver it to officers. Officers accommodated her request and appellant retrieved a cigarette pack hidden in her clothing. The package contained a marijuana pipe, "raw marijuana" and burnt residue, and baggies containing a total of 4.11 grams of methamphetamine.

According to appellant, when police executed the traffic stop the driver stuck a knife "right there in the same place I have a previous mark right there."[2] Appellant continued, the driver "bumped me with his elbow and . . . threw the pack of cigarettes and something on me and everything. I didn't want to do it." She concealed the

_____

[2] It appears the location she indicated was that of a stab wound inflicted by a former husband.

package in her clothing. She tried to exit the vehicle but appellant grabbed her "and just pulled [her] back real ugly."

Earlier in the evening appellant smoked methamphetamine provided by the driver. Appellant denied knowingly or intentionally possessing the methamphetamine found in the cigarette pack but seemed to admit such knowledge on cross-examination. She testified the driver is a member of the Texas Syndicate gang, a claim he denied. The officers to whom appellant surrendered the contraband and who transported her to jail testified she did not mention the driver's threat. The driver testified he did not threaten appellant or possess the methamphetamine found on appellant in the cigarette pack.

The evidence showed appellant and the driver had prior convictions, appellant for marijuana possession, assault, driving while intoxicated, bail jumping, injury to a child, theft, and possession of the marijuana pipe found in the cigarette pack. The driver was previously convicted of evading arrest, forgery, burglary, organized crime, criminal mischief, and failure to give identification as a fugitive. He denied drug dealing but admitted smoking methamphetamine and marijuana.

Appellant agreed that occasionally she believes herself unable to differentiate reality from dreaming. She acknowledged she had claimed her bail bondsman sexually molested her and pointed a gun at her. In the State's rebuttal, the bondsman denied appellant's claim.

The State's rebuttal evidence showed that, in events after the charged offense, appellant was convicted for misdemeanor possession of marijuana, possessed

3

marijuana when arrested by a bondsman for bond forfeiture, and at a traffic stop produced marijuana concealed in her clothing.

Without objection, the charge contained the full statutory definitions of the mental states intentionally and knowingly, as follows:

> A person acts intentionally, or with intent, with respect to the nature of her conduct or to a result of her conduct when it is her conscious objective or desire to engage in the conduct or cause the result.
>
> A person acts knowingly, or with knowledge, with respect to the nature of her conduct or to circumstances surrounding her conduct when she is aware of the nature of her conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of her conduct when she is aware that her conduct is reasonably certain to cause the result.

The application paragraph stated:

> Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about 8th day of March, 2012, in Potter County, Texas, the defendant, TERESA AGUILERA, did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in an amount of four grams or more but less than two hundred grams then you will find the defendant guilty of possession of a controlled substance, as charged in the indictment and say so by your verdict.

Based on her claim of duress, appellant argued her conduct was justified. The trial court, accordingly, submitted instructions and an application paragraph regarding the defense of duress.

Appellant was convicted and after the punishment phase the court imposed the sentence noted.

4

Analysis

Appellant's first two issues concern asserted error in the court's charge. In her first issue she asserts:

> Possession of a controlled substance is both a "nature of conduct" and "circumstances surrounding the conduct" offense. The appellant raised a defense of duress–that she possessed the substance as a result of being physically threatened with a knife to her neck. But the jury charge permitted a guilty verdict based solely on the result of her conduct–that if the result was possession, guilt was a proper verdict. Did the charge cause egregious harm?

Appellant elaborates that even if jurors were not convinced of her justification defense, the supporting testimony nevertheless should have caused them to question her culpability given the circumstances surrounding her possession of the methamphetamine. But, appellant continues, the charge "effectively negated" this evidence by permitting a guilty verdict based solely on the result of her conduct, that is, possession of methamphetamine.

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State,* 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). We first consider then whether the trial court committed charge error as appellant asserts. *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Should we find error, we then determine whether appellant was harmed to a degree warranting reversal. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

Health and Safety Code section 481.115(a) provides, "Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally

5

possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010).

The element of an offense means the forbidden conduct, any required result, the required culpability, and negation of any exception to the offense. TEX. PENAL CODE ANN. § 1.07(a)(22) (West Supp. 2014). The culpable mental states specified by the Penal Code apply to three possible conduct elements of an offense; that is, the nature of the conduct, the result of the conduct, and the circumstances surrounding the conduct. TEX. PENAL CODE ANN. § 6.03 (West 2011); *Robinson v. State,* No. PD-0421-14, 2015 Tex. Crim. App. LEXIS 763, at *7 (Tex. Crim. App. July 1, 2015); *McQueen v. State,* 781 S.W.2d 600, 603 (Tex. Crim. App. 1989); *Alvarado v. State,* 704 S.W.2d 36, 38 (Tex. Crim. App. 1985). When an offense specifically delineates the type of conduct, the trial court should limit the statutory definitions in the jury charge to the culpable mental state required. *Cook v. State,* 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); *Murray v. State,* 804 S.W.2d 279, 281 (Tex. App.—Fort Worth 1991, pet. refused); 43 George E. Dix & John M. Schmolesky, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE & PROCEDURE § 43:7 (3d ed. 2011). Appellant argues the court erred by including in the charge definitions of the terms intentionally and knowingly that referred to a result of conduct.

Our courts have not placed the offense of possession of a controlled substance within a single category as a nature-, result- or circumstances-oriented offense.[3] *See Harris v. State,* No. 02-12-00091-CR, 2014 Tex. App. LEXIS 3930, at *6-8 (Tex. App.—Fort Worth Apr. 10, 2014, pet. refused) (mem. op., not designated for publication) (noting possession of controlled substance not clearly categorized "as either result or conduct oriented"); *Garcia v. State,* 790 S.W.2d 22, 25 (Tex. App.—San Antonio 1990) ("The *mens rea* requirement of a possessory offense is knowledge by a defendant that his conduct or the circumstances surrounding his conduct constitutes possession of a controlled substance")*, abated,* 840 S.W.2d 957 (Tex. Crim. App. 1992) (en banc, per curiam) (prior opinions withdrawn and appeal permanently abated on death of appellant). *See generally Huffman v. State*, 267 S.W.3d 902, 905-07 (Tex. Crim. App. 2008) (describing categorization analyses). If an offense defies uniform categorization, a trial court does not err by submitting a charge containing the complete statutory definitions of the applicable culpable mental states because the statutory definitions allow the jury to consider either the result or the nature of the defendant's conduct. *See Harris,* 2014 Tex. App. LEXIS 3930, at *8; *Murray,* 804 S.W.2d at 281 (citing *Saldivar v. State,* 783 S.W.2d 265, 267-68 (Tex. App.—Corpus Christi 1989, no pet.)) ("when an

---

[3] Appellant cites our opinion in *Scott v. State*, 253 S.W.3d 736, 742-43 (Tex.App.—Amarillo 2007, pet. refused) for the proposition that possession of a controlled substance is a nature of conduct and circumstances surrounding the conduct offense. We presume appellant relies on our quotation of the first sentence of Penal Code section 6.03(b) (referring to nature of conduct and circumstances surrounding conduct) in our egregious harm analysis in that case, and the fact we did not there also quote the second sentence, which refers to result of conduct. Appellant reads too much into the omission of the second sentence of section 6.03(b) at that location in *Scott*. In the context, quotation of the second sentence was unnecessary. Our omission of that sentence should not be taken as our expression of a holding that result of conduct has no place in culpable mental state definitions in possession cases.

offense is both a result and a nature of the conduct type of offense, with respect to the intent or knowledge required, the trial court should submit complete statutory definitions of intentional and knowingly so that the jury can consider both the result of the offender's conduct and the nature of his conduct" (internal quotation marks and emphasis omitted)). Contrary to appellant's assertion, the offense for which she was tried may be result-oriented. Accordingly, the jury charge, which allowed the jury to consider either conduct or the result, was not erroneous.

If for the sake of argument we assume the trial court erred by including the result-of-conduct definition, the record does not demonstrate reversible error. Because appellant did not raise at trial the objection to the charge she now urges on appeal, to reverse the judgment we must determine that the resulting harm to appellant was egregious. *Warner v. State,* 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Egregious harm results from charge error that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State,* 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). This is a difficult standard to meet and requires the record disclose actual rather than theoretical harm. *Nava v. State,* 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). The analysis for egregious harm considers the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), and the arguments of counsel, as well as all other relevant information shown by the record. *Nava,* 415 S.W.3d at 298.

Appellant's contention is that she was egregiously harmed because the charge's definitions undermined her defensive theory, the justification defense of duress. We first note it is difficult to see how a defense of duress could be impaired by the

8

definitions included in this charge because the law requires a defendant asserting duress to admit she engaged in the proscribed conduct, including its required culpable mental state. *Ramirez v. State,* 336 S.W.3d 846, 851 (Tex. App.—Amarillo 2011, pet. refused) (citing *Giesberg v. State,* 984 S.W.2d 245 (Tex. Crim. App. 1998); *Timms v. State,* No. 07-09-0001-CR, 2009 Tex.App. LEXIS 10042, at *3 (Tex. App.—Amarillo April 22, 2009, pet. refused)); *see Whitworth v. State,* No. 11-12-00114-CR, 2014 Tex. App. LEXIS 5864, at *9 (Tex. App.—Eastland May 30, 2014, pet. refused) (mem. op., not designated for publication) ("The doctrine of confession and avoidance applies to the defense of duress and the defense of necessity. Thus, to be entitled to an instruction on the defense of duress, [a defendant] must point to defensive evidence that shows that he admits to every element of the offense, including the culpable mental state" (citing, *inter alia*, *Shaw v. State,* 243 S.W.3d 647, 659 (Tex. Crim. App. 2007) (describing operation of justification defense))).

As noted, appellant further contends the charge's inclusion of the result-oriented definitions impaired the chance the jury would accept an argument she lacked the intention or knowledge to possess the methamphetamine, even if the jury rejected her duress defense. But appellant does not explain how, if at all, drug possession illuminated by the nature of her intentional conduct would differ from possession shown by her intention to achieve that result. *See* TEX. PENAL CODE ANN. § 6.03(a) (West 2011) (person acts with intent when it is her conscious objective or desire to engage in the conduct or cause the result); *Joseph v. State,* 897 S.W.2d 374, 376 (Tex. Crim. App. 1995) (conviction of possession of controlled substance requires proof defendant exercised control, management or care over substance and knew the matter possessed

was contraband).  Appellant's argument the record demonstrates egregious harm is not persuasive.

The jury charge defined "possession" as "actual care, custody, control or management of an item."  Its application paragraph required the jury to find appellant did, at the requisite time and place, "intentionally or knowingly possess a controlled substance, namely, methamphetamine . . . ."  The application paragraph thus told the jury it must find appellant intentionally or knowingly engaged in the conduct of possession, not that she intentionally or knowingly accomplished a particular result.  To any degree that focus on a result of conduct is improper in a drug possession case, therefore, the jury here was properly focused on the nature of appellant's conduct.  For that reason also, we find any error in the abstract definitions of the culpable mental states was not calculated to injure appellant's rights or deprive her of a fair and impartial trial.  TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006); *see Medina v. State,* 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) ("Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious"); *Harris,* 2014 Tex. App. LEXIS 3930, at *8-9.  Appellant's first issue is overruled.

By her second issue, appellant argues that because in the abstract the court gave each Penal Code definition of intentional and knowing, the jury was erroneously relieved of the obligation to render a unanimous verdict, causing her egregious harm.  Appellant, citing our opinion in *Scott,* 253 S.W.3d at 742-43, bases her argument again on the notion that result of conduct has no part in possession offenses.  We have explained that we did not hold as much in *Scott,* and the assertion is not consistent with

10

the opinions of other courts of appeals. *See, e.g.*, *Harris,* 2014 Tex. App. LEXIS 3930, at *6-8. For that reason, appellant's second issue is overruled.

Through her third issue, appellant contends she was required to repay court-appointed attorney's fees when she was at all times indigent. The clerk's record indicates appellant received court-appointed trial counsel and appellate counsel because of indigence. The judgment signed on August 13, 2013, and a judgment nunc pro tunc signed on August 20, 2013, require that appellant repay court costs "as per attached Bill of Cost." Elsewhere, these judgments order "upon release from confinement, Defendant proceed immediately to the Potter County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court as per attached Bill of Cost." Neither the bill of costs following the August 13 judgment nor the bill of costs following the August 20 judgment nunc pro tunc contain an amount of attorney's fees.

A supplemental clerk's record filed on June 25, 2014, contains a bill of costs dated February 26, 2014 which includes an attorney's fees balance of $2,800, and a June 25, 2014, "amended" bill of costs which omits any amount of attorney's fees. The June 25 amended bill of costs, although included in the supplemental clerk's record, was not signed and does not bear a file stamp. Each signed bill of costs in the record contains the printed statement: "Please note–other fees may be applied at a later date: Upon this office reviewing the Judgment, Probation Order, Order Deferring and Order to Pay Court Appointed Attorney (by statute) other fees may apply."

A trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources enabling her to offset, in part or in whole, the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014); *Mayer v. State,* 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008)*, aff'd,* 309 S.W.3d 552 (Tex. Crim. App. 2010). But "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2014). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer,* 309 S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a determination the defendant is capable of repaying the attorney's fees levied. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam).

Here, the record does not show the trial court reconsidered its determination of indigency, the occurrence of a material change in appellant's financial circumstances, or her ability to offset the cost of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) and art. 26.05(g) (West Supp. 2014). As noted, after imposition of sentence the trial court appointed appellate counsel for appellant and ordered a free record based on appellant's indigence. We agree with appellant there is no evidence she is able to repay attorney's fees expended on her behalf. While it appears intended that appellant not bear the repayment obligation of her court-appointed attorney's fees, the broad language of the judgment nunc pro tunc, the inclusion in the February 26, 2014 bill of

12

costs of an amount of attorney's fees, and the clerk's written admonition of the possible future addition of fees cast doubt on that outcome.

We therefore sustain appellant's third issue and modify the judgment nunc pro tunc to preclude the recovery of court-appointed attorney's fees as a court cost.

Conclusion

We make the following modification to the August 20, 2013 "nunc pro tunc judgment of conviction by jury."  At page 2, beneath the heading "Furthermore, the following special findings or orders apply:" there is added, "As used in this judgment, the term 'court costs' does not include court-appointed attorney's fees."

As modified, we affirm the judgment of the trial court.  TEX. R. APP. P. 43.2(b).


James T. Campbell
Justice


Do not publish.

13